THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MAO JU,

    Plaintiff,

    v.

HON. CYNTHIA MARTIN, *et al.*,

    Defendants.

:

:

:

:

:

Case No. 3:25-cv-356

Judge Walter H. Rice
Mag. Judge Caroline H. Gentry

---

ORDER OVERRULING PLAINTIFF MAO JU'S EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER (DOC. #9)

---

Before the Court is Plaintiff Mao Ju's Emergency Motion for Temporary
Restraining Order ("TRO") Pursuant to FED.R.CIV.P. 65(b). (Motion, Doc. #9).
Plaintiff prays that this Court stay a hearing regarding her parental rights in the
Greene County, Ohio, Court of Common Pleas, Division of Domestic Relations
("State Court") currently set for May 22, 2026, until the Court can rule on her
prayers for preliminary and permanent injunction. (*Id.* at PAGEID 356-57; *see also*
Am. Compl., Doc. #5, PAGEID 181, 182 (prayers for injunction of State Court
proceedings); Notice, Doc. #11, PAGEID 383 (notifying the Court of the hearing
date)). However, under the abstention doctrine set forth in *Younger v. Harris* as
to, which this Court may raise *sua sponte*, *Hill v. Snyder*, 878 F.3d 193, 206 n.3 (6th
Cir. 2017), the Court may not interfere with a state-court proceeding regarding

child custody or parental rights, as it is a proceeding, although civil in nature, "in which important state interests are involved." *Moore v. Sims*, 442 U.S. 415, 423 (1979), citing *Younger*, 401 U.S. 37 (1971); *see also Chappel v. Adams Cnty. Children Servs.*, No. 1:22-cv-747, 2023 WL 4191724, *4 n.8 (S.D. Ohio May 19, 2023) (Dlott, J.), *vacated and remanded in part on other grounds at* No. 23-3526, 2024 WL 4601467 (6th Cir. Oct. 22, 2024), quoting *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (noting that *Younger* abstention precludes this Court from interfering with an ongoing state-court proceeding regarding child custody).

*O'Neill* set forth the three requirements for *Younger* abstention to apply: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." 511 F.3d at 643. For the reasons discussed above, the first two conditions are easily met; moreover, Plaintiff has not rebutted the presumption that she can raise her federal constitutional claims before the State Court. *See Furr-Barry v. Underwood*, 59 F. App'x 796, 797 (6th Cir. 2003) (affirming district court's invocation of *Younger* abstention in case pertaining to Tennessee juvenile court proceedings because "there was no evidence that the state court proceedings did not provide an opportunity for Furr–Barry to raise her constitutional claims."). While Plaintiff argues in a conclusory mannter that "[n]o state remedy produces relief before"

2

the hearing date (Doc. #9, PAGEID 349-50), that is not the same as her being prevented from raising those federal constitutional challenges *at all.*

In sum, the Court lacks the authority to grant the relief sought by Plaintiff. Accordingly, Plaintiff's Motion (Doc. #9) is OVERRULED.

IT IS SO ORDERED.

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

3