THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MAO JU,

    Plaintiff,

    v.

HON. CYNTHIA MARTIN, *et al.*,

    Defendants.

:

:

:

:

:

Case No. 3:25-cv-356

Judge Walter H. Rice
Mag. Judge Caroline H. Gentry

---

ORDER OVERRULING PLAINTIFF MAO JU'S EMERGENCY MOTION FOR RECONSIDERATION (DOC. #14); THE COURT'S MAY 20, 2026, ORDER (DOC. #13) OVERRULING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (DOC. #9) REMAINS IN EFFECT

---

Before the Court is Plaintiff Mao Ju's Emergency Motion for Reconsideration of the Court's May 20, 2026, Order. (Doc. #14, citing Order, Doc. #13). Therein, Plaintiff argues that the Court failed to consider the three exceptions to abstention under *Younger v. Harris*, 401 U.S. 37 (1971), which she raised in her Motion for Temporary Restraining Order. (*Id.* at PAGEID 395-98, citing TRO Motion, Doc. #9). The Court has considered the three exceptions raised—fraud upon the court, bad faith, and extraordinary circumstances without adequate state remedy—and concludes that Plaintiff relies upon inapposite authority in raising the exceptions, and that even if they were properly raised, they reinforce the undersigned's previous conclusion that no exception to

*Younger* abstention applies in this instance. Plaintiff also argues that Ohio's Second District Court of Appeals held that the Supreme Court's holding that a child custody issue, even if initiated between private parties, is a state action, does not apply in Ohio. (*Id.* at PAGEID 398-99, citing *M.L.B. v. S.L.J.*, 519 U.S. 102, 116 n.8 (1996); *Bright v. Mao*, 2d Dist. Greene No. 2025-CA-32, 2026-Ohio-286 (Jan. 30, 2026)). However, by Plaintiff's own admission, the Second District only stated that "the State is not a party to this divorce case." (*Id.* at PAEGID 399, quoting *Bright*, 2026-Ohio-286, ¶ 28). The Second District did not—and, indeed, could not—state that Supreme Court precedent does not apply to Ohio law. U.S. CONST. ART.VI, CL. 2.

In sum, Plaintiff's arguments lack merit, and the Court lacks the authority to grant the relief sought by Plaintiff in her TRO Motion. Accordingly, Plaintiff's Motion for Reconsideration (Doc. #14) is OVERRULED.

IT IS SO ORDERED.

May 22, 2026

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

2